UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Eric John Larson | ) | |
| | ) | |
| Plaintiff | ) | ADV NO. 16-_____ |
| | ) | |
| v. | ) | |
| | ) | |
| Linda Mae Larson | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| IN RE: | ) | CASE NO. 16-42106 |
| | ) | |
| Linda Mae Larson | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DEBTOR(S). | | |

---
**ADVERSARY COMPLAINT**
---

### INTRODUCTION

1.     This action is brought to request a determination that a debt owing by Defendant to Plaintiff may not be discharged in bankruptcy, because the debt involved willful and malicious injury to Plaintiff and his property.

2.     The debt involved Defendant's willful actions to cause damage to Plaintiff, and her bad faith litigation, in connection with the sale of the parties' former home following their divorce.  The debt also resulted from Defendant's timing of transfers of property and timing of her bankruptcy, so that only part of the division of property with Plaintiff in their divorce could be effectuated—the part benefitting Defendant would be

implemented in full, while the part benefitting Plaintiff and costing Defendant money would in large part be blocked.

## PARTIES

3.     The Plaintiff Eric John Larson is currently, and at all relevant times has been, an individual resident of the State of Minnesota.

4.     The Defendant Linda Mae Larson is the debtor in this Chapter 7 bankruptcy, which was filed on July 18, 2016.  The Defendant is currently, and at all relevant times has been, a resident of the State of Minnesota.

5.     Defendant is the former wife of Plaintiff.  Pursuant to the terms of the parties' dissolution of marriage and a court judgment implementing it, she owes plaintiff the sum of $56,622.19, plus statutory interest from March16, 2016.

## JURISDICTION

3.     This case arises under 11 U.S.C. § 523(a)(6).

4.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

5.     This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

## STATEMENT OF FACTS

6.     On or about April 7, 2015, the marriage of creditor Eric John Larson and debtor Linda Mae Larson was dissolved.  Stipulated Findings of Fact, Conclusions of Law, Order for Judgment and Judgment and Decree, dated 4/7/15 ("Dissolution").

7. The dissolution decree ordered the parties' homestead to be sold and the proceeds divided between the parties. Dissolution, Conclusion of Law 5. At the time, neither party was residing in the homestead.

8. Until the sale of the property, Eric Larson was required to make principal and interest payments on the mortgage, real estate taxes, payments on the home equity line of credit, insurance payments and utility payments. He was also required to keep the house in good repair pending sale. Dissolution Conclusion of Law 5.

9. The dissolution decree also divided the personal property of the parties.

10. In the event of a disagreement regarding the real estate or personal property, the dissolution decree provided for binding arbitration. Dissolution, Conclusion of Law 6.

11. On May 20, 2015, Defendant invoked the arbitration clause of the dissolution decree regarding personal property. Plaintiff signed the arbitration retainer agreement and paid the retainer fee of $930. District Court Order dated March 14, 2016 ("3/14/2016 Order"), Finding of Fact 8.

12. Defendant did not pay her share of the arbitration fee, and she failed to participate in the arbitration process for personal property. She finally withdrew from this arbitration process on July 31, 2015. Arbitrator's Order dated August 25, 2015.

13. Plaintiff incurred attorney's fees of $625 for representation regarding the personal property arbitration invoked, and then abandoned and terminated, by Defendant. 3/14/2016 Order, Findings of Fact 5 and 6.

14. On August 7, 2015, Plaintiff and Defendant both signed a purchase agreement to sell the parties' former homestead for $550,000 in cash. Closing was scheduled for

September 30, 2015.  District Court Order dated 9/25/2015, Findings of Fact 5 and 6 ("9/25/2015 Order").

15. Because it was expected that the sale price would not fully pay the home equity line of credit (HELOC) on the home, the parties agreed in early to mid-August, 2015, to retain an attorney to facilitate negotiations with the holder of the HELOC, with the hopes of having the lender waive part or all of the deficiency balance through a "short sale."  9/25/2015 Order, Finding of Fact 11.

16. Defendant failed and refused to pay her share of the retainer to this attorney.  9/25/2015 Order, Findings of Fact 12 and 13, Order Par. 1.

17. Despite having signed the purchase agreement on August 7, Defendant thereupon failed to take any action to facilitate completion of the sale.  9/25/2015 Order, Finding of Fact 9.  She began to investigate rescinding the purchase agreement.  District Court Order dated 3/14/2016 ("3/14/2016 Order"), Finding of Fact 13.  She later argued that she was not bound by the agreement to sell the property.  Arbitration Order dated 10/22/2015, Finding of Fact XIII.

18. Plaintiff was paying the carrying costs on the parties' former homestead, for so long as the property remained unsold.  He was therefore motivated to sell the property as soon as possible.  Since he also believed he might be forced to pay any costs that arose at closing, he was also motivated to get as good a price as possible.

19. On the other hand, having been confronted by Plaintiff and by the parties' real estate agent over the unnecessary costs associated with her delays, Defendant openly stated that she did not care about delays in the sale of the property and that she did not care about the sale price, because she was going to discharge all of her debts in bankruptcy.

20. Since Defendant refused to participate in proceedings to close the sale of the property, Plaintiff on August 26 and 28, 2015, invoked the binding arbitration clause of the dissolution decree.  9/25/2015 Order, Finding of Fact 15.

21. Plaintiff paid his share of the arbitration fees, but Defendant refused to pay her share of the arbitration fees or to participate in arbitration.  9/25/2015 Order, Findings of Fact 17-20.

22. Plaintiff moved the District Court for an order to move the sale process forward.  In its order issued in response to that motion, the District Court found that Defendant's refusal to participate in arbitration was "without any good faith basis."  9/25/2015 Order, Finding of Fact 16.

23. The District Court also found that "Respondent's [Defendant's] actions in refusing to comply with the terms of the Judgment and Decree regarding binding arbitration have unreasonably contributed to the length and expense of the dissolution proceeding."  9/25/2015 Order, Finding of Fact 22.

24. On September 25, 2015, the District Court ordered Defendant to participate in good faith in arbitration.  On the basis that Defendant's refusal to comply with the arbitration provision of the dissolution decree was in bad faith and unreasonably contributed to the length and expense of the dissolution proceeding, the Court ordered Defendant to pay Plaintiff's lawyers for the cost of seeking her compliance.  District Court Order dated 9/25/2015, Order for Judgment, passim.

25. Plaintiff was able to secure a continuation of the closing date.  The matter was scheduled for arbitration.

26. In the arbitration proceeding, Defendant for the first time asserted that Plaintiff had colluded with the realtor to bring down the asking price of the home. Arbitration Discovery Findings and Order, dated October 9, 2015 ("10/9/2015 Arbitration Discovery Order"), page 1. In connection with this new assertion, Defendant sought discovery including the entire file of the realtor.

27. The realtor's expenses in responding to Defendant's subpoena, which included "voluminous business records," "thousands of pages of documents," and an "autopsy" of her cell phone, ultimately ran to $14,436.68. Arbitration Findings of Fact, Conclusions of Law and Order dated November 20, 2015 ("11/20/2015 Arbitration Order"), Conclusion of Law 3, Finding of Fact II [sic—actually III].

28. At the arbitration hearing, Defendant dropped her claim of "collusion." Defendant advanced a new theory—that another buyer might come along, and that the parties should breach the purchase agreement, "in anticipation of a better deal in the future." District Court Order for Judgment dated March 14, 2016 ("3/14/2016 Order for Judgment"), Finding of Fact 25. The arbitrator found that both Plaintiff and Defendant had agreed in writing with every reduction in the purchase price. 3/14/2016 Order for Judgment, Finding of Fact 23.The arbitrator found no facts supporting Defendant's accusations of "collusion," and found the realtor's testimony "credible and very helpful to the process." However, the arbitrator found himself without authority to award the realtor attorney's fees. 11/20/2015 Arbitration Order, Findings IV and V, Order Par. 3.

29. The arbitrator found that Plaintiff incurred $4,726.67 in additional mortgage payments and utility expenses directly related to Defendant's bad faith conduct. 11/20/2015 Arbitration Order, Finding of Fact II [sic—actually III]. .

30. The arbitrator indicated that, due to Defendant's "failure to cooperate in hiring the real estate attorney," there had not been "a full opportunity to negotiate with the bank [about a short sale reducing or eliminating the deficiency balance on the HELOC]." However, he found it impossible on the record before him to determine what concessions the bank would have made, had there been a full opportunity to negotiate. 11/20/2015 Arbitration Order, Finding of Fact XIV.

31. The arbitrator ordered the sale to proceed on October 23, 2015. He ordered Plaintiff to pay the entire deficiency balance, then estimated at $91,000. He ordered Defendant to repay Plaintiff one-third of the deficiency within 90 days, or by January 21, 2016. He held that if such payment was not made in that time, Plaintiff would be entitled to enter judgment. He reserved the issue of attorney's fees. Arbitration Order dated October 22, 2015, Order Par. 1 and 2.

32. Ultimately, the arbitrator found that attorney's fees and arbitration fees were under the jurisdiction of the District Court. 11/20/2015 Arbitration Order, Order Par. 1.

33. By February 17, 2016, Defendant still had not reimbursed Plaintiff for one-third of the HELOC deficiency that he had paid in order for the sale to close. That amount had been ordered to be paid by January 21, 2016. Nor had she paid $141.61 for repairs to the property that had been ordered to be paid by November 6, 2015. 3/14/2016 Order, Findings of Fact 38 and 39.

34. On February 17, 2016, Plaintiff moved the District Court for an order issuing judgment on the arbitration award, including for attorney's fees and costs.

35. The District Court found that "Respondent [Defendant] misused and abused the arbitration process. She did not participate in good faith. Her conduct unreasonably

extended the length of the process and unfairly increased its cost." 3/14/2016 Order, Finding of Fact 41.

36. The District Court also found that "Respondent's attempt to rescind the contract was frivolous. Respondent had no facts or law to support her claim of collusion between Petititoner and the Agent. It is unreasonable for Respondent's conduct to be permitted. None of the theories had any fact or law to support it. . . . None of Respondent's theories were substantiated by fact nor were they supported by law. The arbitration should not have been needed *at all* as a contract Respondent signed required the closing [emphasis in original]. Certainly, the arbitration was far longer and expensive due to Respondent's unsubstantiated theories." 3/14/2016 Order, Finding of Fact 46.

37. The District Court awarded judgment to Plaintiff against Defendant for $4,726.67 in damages, which had been found in arbitration to be attributable to Defendant's bad faith actions in delaying the closing on the home. 3/14/2016 Order, Order for Judgment, Par. 4. Such actions were willful and malicious.

38. The District Court found that Plaintiff's attorney fees and costs and his arbitration fees should be assessed as a sanction against Defendant due to her conduct. 3/14/2016 Order, Conclusions of Law, 7-10. Such conduct was willful and malicious. These were personal property arbitration fees and attorney's fees of $1,550 and real estate arbitration fees and attorney's fees of $16,716.58, totaling $18,266.58. 3/14/2016 Order, Par. 4 and 5.

39. The District Court also found, "Respondent unreasonably contributed to the length and expense of these proceedings by failing to pay the arbitration orders necessitating bringing this motion." 3/14/2016 Order, Finding of Fact 47.

40. The District Court awarded Plaintiff $5,907.00 against Defendant for his reasonable attorney's fees and costs in bringing his motion to confirm the arbitration order. 3/14/2016 Order, Par. 6.

41. Plaintiff's attorney's fees and costs in bringing his motion to confirm the arbitration order were incurred due to Defendant's willful and malicious conduct in failing and refusing to comply with the arbitrator's order in a timely fashion.

42. The District Court awarded Plaintiff $27,575.33, as reimbursement for the one-third of the deficiency on the HELOC which he had paid in full. This reimbursement had been ordered to be paid by January 21, 2016, and remained unpaid as March 2016. District Court Order dated March 14, 2016, Finding of Fact 39; Order Par. 2.

43. Defendant willfully and maliciously broke her agreement to engage an attorney to negotiate a short sale, which would have eliminated or reduced the deficiency on the HELOC on the home. The arbitrator found that Defendant's "failure to cooperate in hiring the real estate attorney," meant that there had not been "a full opportunity to negotiate with the bank." The reimbursement award of $27,575.33 represented only one-third of the amount of money paid by Plaintiff due to Defendant's conduct.

44. Rather than reimburse Plaintiff the $27,575.33 that Defendant had been ordered to pay, Defendant instead hurried willfully and maliciously to apply property that she had received in the property settlement in her divorce to otherwise exempt assets. For example, in or about January of 2016, she sold to her brother for $100,000 a parcel of land, which she had stipulated to be worth $124,300.00. Stipulated Findings of Fact, Conclusions of Law, Order for Judgment and Judgment and Decree, Finding of Fact 20. She then used the proceeds to purchase her current home rather than to comply with the arbitrator's order.

25. On or about March 16, 2016, pursuant to the District Court's order, judgement for $56,622.19 was entered against Defendant and in favor of Plaintiff for the conduct described above.

26. 11 U.S.C. § 523(a)(6) provides: "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt— . . . for willful and malicious injury by the debtor to another entity or to the property of another entity."

27. Each element of Plaintiff's judgment against Defendant for $56,622.19 is based upon willful and malicious injury inflicted by Defendant on Plaintiff or his property.

28. Based upon the foregoing, the defendant's debt to the plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, the plaintiff requests an order from this court:

a. Finding the Defendant is indebted to the Plaintiff in the amount of Fifty-six Thousand, Six Hundred Twenty-Two and 19/100 Dollars ($56,622.19), plus statutory interest of 10% per annum from March 16, 2016, and entering judgment thereon against the Defendant and in favor of the Plaintiff;

b. Finding Plaintiff's claim against the Defendant excepted from discharge pursuant to 11 U.S.C. § 523(a)(6);

c. Awarding Plaintiff's costs and disbursements herein; and

      d.      For such other and further relief as this court deems just and equitable.

DATE: October 17, 2016                           /s/Randall Smith
                                                                    Attorney for Debtor(s)
                                                                    Bar No. 102684
                                                                    Randall Smith Law Office
                                                                    Lakes & Plains Building, Suite 200
                                                                    842 Raymond Avenue
                                                                    St. Paul, MN  55114
                                                                    Phone: (651) 647-6250
                                                                    Fax:  (651) 251-1183
                                                                    Email: randallsmithlaw@comcast.net